UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REMY, INC., )
    Plaintiff, )
)
vs. ) 1:08-cv-1227-SEB-WGH
)
TECNOMATIC, S.p.A., )
    Defendant. )

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause comes before the Court on Defendant's Motion for Judgment on the Pleadings [Docket No. 74] filed by Tecnomatic S.p.A. ("Tecnomatic") pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff Remy, Inc. ("Remy") opposes the motion. [Docket No. 78]. For the reasons stated herein, Tecnomatic's motion is DENIED.

### BACKGROUND[1]

Remy is a Delaware corporation with its principal place of business in Pendleton, Indiana. Compl. ¶ 2. Tecnomatic is an Italian corporation with its principal place of business in that country. ¶ 3. In 2005, Remy engaged Tecnomatic to produce an

---

[1]Tecnomatic's ,otion is based entirely on the premise that it is entitled to judgment on the pleadings because of Remy's failure to reference applicable law in its Complaint. Only a few facts are relevant to the resolution of the Motion and, therefore, we limit our summary to a brief account of those facts to put the issue in context.

automated production system for building what both parties refer to as "EP 8 Stators."[2] Compl. ¶¶ 16-19. Remy issued 11 purchase orders over the course of 2005 related to its purchase of the system. Compl. Exs. C-M. The purchase orders contained the following provision with regard to "Governing Law": "This order is to be construed according to the laws of the state from which this order issues as shown by the address of [Remy] on the face of this order." Id. The purchase orders were issued from Remy's headquarters in Anderson, Indiana. Compl. ¶ 19. Remy alleges that Tecnomatic also made certain warranties that its production system would produce an EP 8 Stator every 225 seconds and function at 85% efficiency and that the system would be free from all material defects. Compl. ¶ 18.

Remy alleges that Tecnomatic failed to build its production system in a timely manner in contravention of its contractual obligation and that this delay jeopardized Remy's ability to meet its customer demands. Compl. ¶¶ 20-27. In addition, in spite of Tecnomatic's warranties, Remy alleges that the production system never operated as Tecnomatic promised it would. Compl. ¶¶ 28-39. Remy alleges that from early 2007 into 2008 Tecnomatic repeatedly assured Remy that it would fix the problems with the production system but that the design flaws were never adequately remedied. Compl. ¶¶ 40-45.

Remy brought this lawsuit asserting (Count I) Breach of Contract – Revocation of Acceptance or, Alternatively, Avoidance of Contract; (Count II) Breach of Express

---

[2]The EP 8 Stator is a part of the EP 8 Motor, which Remy was engaged to assemble by one of its customers. Compl. ¶¶ 7-9.

Warranties; and (Count III) Breach of Implied Warranties. Remy's Complaint states that Indiana law governs this lawsuit. Compl. ¶ 19. Pursuant to their motion, Tecnomatic seeks judgment on the pleadings asserting that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") governs the purchase orders at issue and that Remy's Complaint fails to adequately allege the basis for its claims and relief under that law.

As both parties acknowledge, the CISG applies to international sales contracts between parties from countries that are both signatories, unless the contract contains an express opt-out provision from that law. Caterpillar, Inc. v. Usinor Industeel, 393 F.Supp.2d 659, 673 (N.D. Ill. 2005). A provision that specifies only that a signatory state's law applies is insufficient because the CISG *is* the law of that state. See e.g., Ajax Tool Works v. Can-Eng Mfg., 2003 U.S. Dist. LEXIS 1306, at *8 (N.D. Ill. Jan. 29, 2003). Remy does not dispute the application of the CISG, but argues that it has pled viable claims pursuant to Fed. R. Civ. P. 8 for violations of either the Uniform Commercial Code or the CISG.

## DISCUSSION

Fed. R. Civ. P. 12(c) allows a party to move for judgment after the pleadings are closed but early enough not to delay trial. Cuatle v. Torres, 2010 U.S. Dist. LEXIS 59420 at *1 (S.D. Ind. June 15, 2010). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Id. That analysis, in turn, implicates Fed. R. Civ. P. 8, Killingsworth v. HSBC Bank Nev., N.A.,

507 F.3d 614, 619 (7th Cir. 2007), which requires a "short plain statement of the claim showing that the pleader is entitled to relief." "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The only reason Tecnomatic provides in support of judgment at this stage is that Remy's Complaint does not reference the specific CISG articles Defendant allegedly breached or under which relief is sought. A complaint need not, however, spell out the specific legal theory that its validity depends upon. Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997) see also Aaron v. Mahl, 550 F.3d 659, 666 (7th Cir. 2008) ("Under the notice pleading standard, of course, a complaint need not contain legal theories."). In fact, "matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure." Albiero, 122 F. 3d at 419 (citing Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992)). Thus, we decline to grant judgment on the pleadings as requested by Tecnomatic.

## CONCLUSION

For the reasons stated herein, we find that Remy's failure to reference the CISG does not foreclose its claim for relief pursuant to that law. Thus, Tecnomatic's Motion is DENIED.

IT IS SO ORDERED.

Date: _____10/18/2010_____


SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

David P. Irmscher
BAKER & DANIELS
david.irmscher@bakerd.com

S. Patrick McKey
BRYAN CAVE LLP
patrick.mckey@bryancave.com

Mariangela M. Seale
BRYAN CAVE LLP
merili.seale@bryancave.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com

Paula L Zecchini
BRYAN CAVE LLP
paula.zecchini@bryancave.com