UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Remy Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:08-cv-1227-SEB-MJD |
| vs. ) | |
| ) | |
| Tecnomatic S.P.A., ) | |
| ) | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Remy Inc. ("Remy") commenced this action on September 12, 2008 asserting claims against Defendant Tecnomatic S.P.A. ("Tecnomatic") for breach of contract, breach of express warranties, and breach of implied warranties. [Docket No. 1]. On December 9, 2008, Tecnomatic filed its answer and asserted counterclaims for breach of contract, unjust enrichment, and quantum meruit. [Docket No. 21].[1] This cause is currently before the Court on Tecnomatic's Motion for Partial Summary Judgment, filed on February 14, 2011. [Docket No. 98]. Remy opposes Tecnomatic's motion on the grounds that it was not filed within the Court-imposed deadline for dispositive motions

---

[1] This Court previously denied Tecnomatic's Motion for Judgment on the Pleadings. [Docket No. 89]. The only reason Tecnomatic provided in support of its motion was that Remy's Complaint failed to reference applicable law in its Complaint. We disagreed with Tecnomatic that this was grounds for dismissal in light of well-settled precedent that a complaint need not spell out the precise legal theory upon which its validity rests. Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Aaron v. Mahl, 550 F.3d 659, 666 (7th Cir. 2008).

and that it has been rendered moot by Remy's Amended Complaint, which was filed on April 4, 2011. [Docket No. 120]. For the reasons detailed herein, Tecnomatic's motion is DENIED.

**Factual Background**

Remy's original complaint alleged the breach of a series of purchase orders negotiated between the parties over the course of 2005 relating to the purchase of a "production system." The production system was designed to produce "EP 8 Stators," which the Complaint described as a "stationary part of an electric motor" specifically designed for one of Remy's customers.

As mentioned above, Remy filed its First Amended Complaint on April 4, 2011 – notably, after Tecnomatic filed the Motion for Partial Summary Judgment currently before the Court. The sole amendment to Remy's original complaint appears to be the addition of the following allegation: "On January 31, 2006, Remy issued a purchase order that revised the payments terms for the Production System." Am. Compl. ¶ 19. Remy also attached a copy of the referenced January 31, 2006 agreement as an exhibit to the Amended Complaint.[2] Docket No. 120, Ex. N. The new agreement expressly provides: "THIS P.O. SUPERCEDES BALANCES ON PURCHASE ORDERS: 1283907, 1283903, 1283954, 1283910, 1283912, 1283911, 1283901, 1283913, 1292855, 1292471,

---

[2]Tecnomatic refers to the January 31, 2006 agreement as the "Capital Lease Agreement" based on a term in the agreement indicating that it was "to be considered as a capital lease treatment in the U.S." Ex. N. The agreement is also identified on its face as Purchase Order No. 1301411. To avoid confusion, we refer to this agreement throughout this entry as the "January 31, 2006 Agreement."

1292460, & 1292856 INCLUDING (2) ERGO LIFTS AT $64,480/EA." Ex. N. These referenced purchase orders were the ones that Remy alleged were breached in its original complaint. Remy's former purchasing agent, Brenda Alford, apparently testified that the January 31, 2006 Agreement was intended to be a substitute contract between the parties. Alford Dep. at 64-65, 136-138. The January 31, 2006 Agreement further stated:

> THIS NEW P.O. IS FOR REMY PURPOSES TO BE CONSIDERED AS A CAPITAL LEASE TREATMENT IN THE US. THE MONTHLY LEASE FACTOR SHALL BE .0462 OR $107,108.83 FOR 23 MONTHS, AND $106,223.64 USD FOR (1) MONTH BALANCE OF EQUIPMENT [sic] UPON THE EXPIRATION OR TERMINATION OF THIS LEASE, LESSEE SHALL PAY TO LESSOR ALL REMAINING PAYMENTS, AT WHICH TIME THE LESSOR AGREES TO PROVIDE THE LESSEE WITH A BILL OF SALE. IF LESSEE EXERCISES IT'S [sic] OPTION TO ACQUIRE THE EQUIPMENT FOR #1 THE EQUIPMENT IS AND SHALL BE AT ALL TIMES AFTER SAID PAYMENT TO BE THE SOLE PROPERTY OF THE LESSEE. IF ALL REMAINING PAYMENTS ARE MADE REMY EXERCISES IT'S [sic] OPTION TO ACQUIRE THE EQUIPMENT FOR $1.00 REMY SHALL NOT ASSIGN THIS LEASE OR IT'S [sic] INTEREST IN THE EQUIPMENT WITHOUT PRIOR WRITTEN CONSENT OF TECNOMATIC.

Ex. N.

According to the Amended Complaint, Tecnomatic was contractually required to deliver the EP 8 Stator production system no later than July 2006. Am. Compl. ¶ 20. After the production system remained incomplete by the July deadline, Remy and Tecnomatic held a series of meetings during which Tecnomatic assured Remy that the production system would be completed by September 2006. Am. Compl. ¶ 23. By late 2006, however, the production system was still not complete. Am. Compl. ¶¶ 25-26. Because Remy was running up against its own production schedule deadlines, it began

shipping components of the incomplete production system to its plant in Mexico in December 2006 and early 2007. Id. ¶ 26. Thereafter, Remy alleges that the production system did not operate as Tecnomatic had expressly and impliedly warranted. Id. ¶¶ 28-39.

## Discussion

As an initial matter, we note that Tecnomatic's February 14, 2011 filing of its Motion for Partial Summary Judgment is untimely in light of the Court's February 1, 2011 deadline for such filings. Docket No. 95. Furthermore, Remy is correct that Tecnomatic's separately filed "Statement of Facts" does not comply with the Local Rule 56.1(a) requirement that "[t]he brief must include a section labeled "Statement of Material Facts Not in Dispute." S. D. Ind. L.R. 56.1(a). However, because it is the preference of this Court as often as is fair and appropriate to consider matters on their merits, for example, when, as here, neither party is prejudiced by certain procedural failings, we shall move past the deficiencies to address Tecnomatic's motion.

In both its primary brief and reply (the latter of which was filed after the Amended Complaint), Tecnomatic argues that, because the January 31, 2006 agreement superceded all of the prior purchase orders, Remy cannot prevail on its breach of contract claim. However, Remy correctly notes that Tecnomatic's assumption that Remy's breach of contract claim is based solely on alleged breaches of the superceded original purchase orders is simply untrue in light of Remy's Amended Complaint. In any event, any deficiency in the original complaint due to the lack of any reference to the January 31,

2006 Agreement was mooted by the filing of the Amended Complaint. Thus, Tecnomatic's motion must be denied.

The parties' final dispute relates to the extent to which the January 31, 2006 Agreement reflected a lease between the parties, as opposed to a sale. Pl.'s Resp. at 6 n. 3; Def.'s Reply at 7-8; Pl.'s Surreply at 5. Because factual issues infuse these arguments, the Court will reserve them for final determination at trial.

## Conclusion

For the reasons detailed herein, Defendant Tecnomatic S.P.A's Motion for Partial Summary Judgment [Docket No. 98] is <u>DENIED</u>.

IT IS SO ORDERED.


Date:_____05/20/2011_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kara E. F. Cenar
BRYAN CAVE LLP
kara.cenar@bryancave.com

Donald Cole
Byan Cave LLP.
161 North Clark Street
Chicago, IL 60601-3312

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

David P. Irmscher
BAKER & DANIELS
david.irmscher@bakerd.com

S. Patrick McKey
BRYAN CAVE LLP
patrick.mckey@bryancave.com

Mariangela M. Seale
BRYAN CAVE LLP
merili.seale@bryancave.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com

Paula L Zecchini
BRYAN CAVE LLP
paula.zecchini@bryancave.com